Allan Wayne VIRGIN *v.* STATE of Arkansas

677 S.W.2d 840

Supreme Court of Arkansas
Opinion delivered October 15, 1984

Petitioner, *pro se.*

No response by respondent.

PER CURIAM. In March, 1981, petitioner pleaded guilty to aggravated robbery, in the Circuit Court of Randolph County. He was sentenced as an habitual offender to 20 years imprisonment. The court also revoked petitioner's suspended sentences in four other cases. Later in 1981, petitioner filed a petition to proceed pursuant to Criminal Procedure Rule 37 and an amended petition. The petition and amended petition were denied after an evidentiary hearing. We affirmed. *Virgin* v. *State,* CR 81-134 (April 29, 1982).

Petitioner subsequently filed numerous pro se petitions in circuit court, all of which raised grounds for postconviction relief. The exact number of the petitions is not contained in the record. The State moved in November, 1983, to dismiss the petitions, citing A.R.Cr.P. Rule 37.2 which provides that all grounds for relief must be raised in the original or amended petition. The motion to dismiss was granted on November 16, 1983, and petitioner filed a timely notice of appeal. He also asked to be declared indigent so that the record could be prepared at public expense.

Because of the number of petitions involved, the trial court appointed an attorney to review the files. It appears that counsel was not appointed to handle the appeal but only to sort out the file and report to the Court. Petitioner continued to represent himself, and there is nothing to indicate that he was led to believe that the attorney was appointed to take over the appeal.

While the practice of appointing attorneys to review files may benefit the trial court, it is not a good practice to appoint counsel for a limited purpose, unless it is made clear to the appellant that counsel's duties are limited. If there is any possibility that the appellant may be misled, the court must notify him of the appointment, setting out clearly the obligation of the attorney to the court and to the appellant. In the event that appellant is not fully informed of the limited appointment and can establish that he was led to rely on counsel to perfect the appeal, we must hold counsel responsible for taking whatever steps are necessary to protect the appellant's best interests.

Counsel here reported that petitioner was seeking to appeal the order to dismiss and that the record should be limited to items concerning the order and should not include the pro se petitions filed after the original petition was denied. He also petitioned the court to declare petitioner indigent. In June, 1984, well after the time for filing the record had elapsed, the trial court found petitioner indigent and ordered the record prepared, limiting it to items pertinent to the order to dismiss.

The rules of appellate procedure require that a record be filed within 90 days of the date of notice of appeal, making the record in petitioner's case due on March 5, 1984. The latest the record could have been timely filed even with extensions of time from the trial court was seven months from the date of judgment, which was June 16, 1984. Ark. R. App. P. Rule 5 (b). The record was not tendered until September 6; hence, the *pro se* motion for rule on the clerk now before us.

Without regard to the merits of the appeal which we do not consider now, we find good cause to permit the record to be filed. It is clear that petitioner attempted to comply with the rules of appellate procedure. Since the untimely tender of the record was not caused by any fault on his part, the motion is granted.

Motion granted.